United States District Court
Southern District of Texas

**ENTERED**

April 06, 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAURA DELL BOOKER, | § § § § § | CIVIL ACTION NO. 4:18-cv-00274 |
| Plaintiff, | | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| William P. Barr, *et al.*, Defendants. | § § § § | |

**MEMORANDUM AND OPINION
GRANTING MOTION FOR SUMMARY JUDGMENT**

Before the Court is a motion by Defendants William P. Barr, the United States Department of Justice, and the Federal Bureau of Investigation for summary judgment against claims of racial discrimination, hostile work environment, and unlawful retaliation brought by Plaintiff Laura Dell Booker. Dkt 27.

Booker fails on response to specify the evidence necessary to support her claims. The motion is granted.

1. Background

Booker is an African American woman who worked for the FBI from April 1997 until her termination in July 2013. Dkt 27-1 (notification of personnel action). She alleges termination occurred because of her race. See Dkt 1.

Booker served as an operational support technician (OST). Dkt 27-1. Her immediate supervisor prior to her termination and during the events alleged in her lawsuit was Christal Swagerty, and before that it was Billy Pinson. Dkt 27-13 at 1 (Swagerty declaration); Dkt 27-3 at 2 (Salazar investigative statement). Booker's responsibilities included "handling of radios, the charging in and out of radio equipment, the tracking in various

databases of the equipment," and other administrative tasks to assist Pinson as property custodian. Dkt 27-5 at 12, 14 (Booker deposition).

The FBI commenced an investigation in October 2012 into allegations that Booker was insubordinate, disruptive, and unprofessional. Dkt 27-6 (notification of internal investigation). Swagerty placed Booker on a ninety-day performance-improvement plan (PIP) beginning later that month. Dkt 27-7 (letter establishing PIP).

In November 2012, Booker was held responsible for forty-six unaccounted radios, which she claims were commonly misplaced. Dkt 27-5 at 24; see also Dkt 27-3 at 3–4 (Pinson investigative statement). Swagerty then notified Booker in February 2013 that she had failed her PIP. Dkt 27-8 (letter notice of failure to improve). That same day she received a performance appraisal review of "Unacceptable" with a listing of reasons. Dkt 27-9 at 1 (rating), 3–8 (narrative reasons). The FBI terminated Booker's employment in July 2013. Dkt 27-1.

Booker filed a formal Equal Employment Opportunity (EEO) complaint of discrimination against the FBI in January 2013. Dkt 1 at 2. An administrative judge entered judgment against her in August 2014. Ibid. Booker appealed, and the Office of Federal Operations affirmed in June 2017. Ibid (also noting denial of reconsideration).

Booker filed this suit in January 2018. She alleges causes of action for racial discrimination and unlawful retaliation, both in violation of Section 703(a) of Title VII, 42 USC § 2000e *et seq*. Booker did not plead a claim regarding hostile work environment separately from her claim of racial discrimination, but the parties briefed and addressed it that way. As such, the Court will treat them separately here.

Defendants have moved for summary judgment. Dkt 27. Among other evidence, they submit three signed, sworn statements executed in 2013 pertinent to investigation of Booker's EEO complaint. Dkts 27-2, 27-3, 27-4. Defendants also submit excerpts from two depositions of Booker and a declaration from Swagerty. Dkts 27-5, 27-12, 27-13.

Booker responded. Dkt 30. She submits no declarations or deposition testimony. She instead submits her unsworn, written response from June 2013 to the FBI's proposal for dismissal, which attached approximately two hundred pages of uncategorized employment files. Dkt 30-1. She also submits her counsel's letter response, also unsworn, from July 2013 responding to the proposal that her FBI employment be terminated. Dkt 30-2.

Defendants replied. Dkt 31. Among other evidence, they submit Swagerty's signed, sworn statement executed in 2013 pertinent to investigation of Booker's EEO complaint. Dkt 31-6.

2.  Legal standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the moving party establishes that it is entitled to judgment as a matter of law because no genuine dispute exists as to any material fact. See *Trent v Wade*, 776 F3d 368, 376 (5th Cir 2015). The Fifth Circuit holds that a fact is *material* if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. *Sossamon v Lone Star State of Texas*, 560 F3d 316, 326 (5th Cir 2009) (citations omitted). And the Fifth Circuit holds that a *genuine dispute of material fact* exists "when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015), quoting *Anderson v Liberty Lobby*, 477 US 242, 248 (1986).

A court reviewing a motion for summary judgment must draw all reasonable inferences in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008). The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice*, 783 F3d at 536 (citation omitted); see also *Celotex Corp v Catrett*, 477 US 317, 323 (1986). But when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting trial. *Nola Spice*, 783 F3d at 536 (citations omitted). To meet this burden of proof, the evidence

must be both competent and admissible at trial. *Bellard v Gautreaux*, 675 F3d 454, 460 (5th Cir 2012) (citations omitted).

The party opposing summary judgment must also identify specific evidence in the record and articulate precisely how that evidence supports their claim. *Willis v Cleco Corp*, 749 F3d 314, 317 (5th Cir 2014) (citations omitted). It is not enough to simply file an undifferentiated collection of exhibits. "If somewhere in a record there is evidence that might show a dispute of material fact, the district court needs to be pointed to that evidence as opposed to having to engage in an extensive search." *Hernandez v Yellow Transportation Inc*, 670 F3d 644, 654 (5th Cir 2012) (citations omitted).

        3.   Analysis

Booker refers to an "averment of undisputed facts" by Defendants with which she purports to raise a limited dispute. Dkt 30 at 1. But they did not attach or otherwise brief any such "averment." It is thus not exactly clear where this potential dispute might be.

In any event, Booker appears to raise only a narrow dispute as to her specific responsibilities for the subject radios. She states:

> Booker was only responsible for inputting data to update systems in order to capture data regarding hand-held radios, she was not "in charge" of issuing and/or approving requests for equipment. That was the responsibility of TM Billy Pinson.
>
> Further, Christal Swagerty was not just Booker's rating official, but was her supervisor during a portion of the relevant time of this complaint as Swagerty tasked Booker on a daily basis and required her to submit weekly and daily work logs directly to Swagerty.

Ibid. Booker cites no evidence to support these assertions, whether by declaration or otherwise. Neither does she make clear how such dispute would be in any way material. Nor does she cite specifically in her own fact statement to any of the evidence she submitted in bulk. Id at 2–6.

The Court finds this insufficient to raise a genuine dispute of material fact. See *Bellard*, 675 F3d at 460; *Hernandez*, 670 F3d at 654. Even so, the Court will consider other factual assertions made by Booker in response to the extent that she identifies specific references to the evidentiary record in her argument.

a.    Racial discrimination claim

For Booker to proceed on her claim, she must demonstrate a *prima facie* case for racial discrimination. This requires her to show that she:

- o    Is a member of a protected class;
- o    Was qualified for the position;
- o    Was subject to an adverse employment action; and
- o    Was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that other similarly situated employees were treated more favorably.

*Bryan v McKinsey & Co Inc*, 375 F3d 358, 360 (5th Cir 2004) (citations omitted).

This case concerns alleged disparate treatment. Defendants do not dispute that Booker is a member of a protected class and suffered an adverse employment action upon termination. Dkt 27 at 4. Defendants also assume for purposes of their motion that Booker was qualified for the OST position. Ibid. The sole issue in dispute is whether Booker can show that a similarly situated employee was treated more favorably.

Booker points to Carol Kromer-Mince as such an employee who is white, female, and an OST. Dkt 30 at 10. Booker asserts that "on December 29, 2012 Booker submitted a leave request which was arbitrarily denied by [Swagerty], when during that same period Kromer-Mince requested leave and Swagerty was swift to grant the request." Ibid. This assertion is in no way referenced or linked to evidence establishing that Kromer-Mince did in fact ask for leave or that it was granted.

Defendants present evidence that Swagerty did not supervise Kromer-Mince during the period between September 2012 and October 2013. Dkt 31 at 1–2; see Dkts 31-2 at 3 and 31-3 at 2 (notices of personnel reassignment). Defendants also note that

no evidence suggests that Kromer-Mince had a similar history of disciplinary action prior to requesting leave. Dkt 31 at 2.

The Fifth Circuit instructs that a similarly situated employee must present "nearly identical circumstances" to the plaintiff. *Lee v Kansas City Southern Railroad Co*, 574 F3d 253, 260 (5th Cir 2009) (citations omitted). Of meaning here, "[e]mployees with different supervisors, who work for different divisions of a company or who were the subject of adverse employment actions too remote in time from that taken against the plaintiff generally will not be deemed similarly situated." Id at 259 (citations omitted). And while each employee's "track record" with the employer needn't comprise an identical number and type of infractions, "these records must be comparable." Id at 261 (citations omitted).

On the evidence presented, the Court finds that Kromer-Mence worked for a different supervisor than did Booker, with no indication of a similar disciplinary history. Booker's claim for racial discrimination thus fails for lack of evidence establishing that a similarly situated employee was treated more favorably.

b.  Hostile work environment claim

A *prima facie* claim of hostile work environment requires Booker to show:

o   Membership in a protected group;

o   Harassment;

o   The harassment was based on an impermissible factor under Title VII;

o   The harassment affected a term, condition, or privilege of employment; and

o   The employer knew or should have known of the harassment yet failed to address it promptly.

*Hernandez v Yellow Transportation Inc*, 670 F3d 644, 654 (5th Cir 2012) (citations omitted). Defendants concede only the first element. Dkt 27 at 6. They strongly contest whether harassment and the follow-on factors occurred.

The Fifth Circuit instructs courts analyzing harassment to focus on the frequency and severity of the discriminatory conduct, whether it is physically threatening or humiliating, and whether it unreasonably interferes with an employee's work

6

performance. *Turner v Baylor Richardson Medical Center*, 476 F3d 337, 347 (5th Cir 2007) (citations omitted). The Fifth Circuit is equally clear that "'simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory charges' that can survive summary judgment." Id at 348 (citations omitted).

Booker alleges no instance when she was called by racial slurs or similar conduct. And she provides no other specific examples of racially charged incidents. Her only cited examples of harassment are the facts of her placement on absent-without-leave status, her PIP, and other disciplinary actions. Dkt 30 at 13. She does not connect any of this to evidence of racial animus. And she provides no caselaw holding that such actions constitute racial harassment absent a showing of animus. But see *Hernandez*, 670 F3d at 654 (finding it improper to consider "various incidents of harassment not based on race"); *Watson v Esper*, 793 Fed App'x 277, 280 (5th Cir 2019) (per curiam) (stating plaintiff failed to show placement on PIP was tied to her race).

Booker fails to make a *prima facie* showing of a hostile work environment.

### c.   Retaliation claim

Booker also asserts that her termination was retaliation for engaging in protected EEO activity. This requires her to show that:

- o   She engaged in activity protected by Title VII;
- o   The FBI took an adverse employment action against her; and
- o   A causal connection exists between the protected activity and the adverse employment action.

*Zamora v City of Houston*, 798 F3d 326, 331 (5th Cir 2015) (citations omitted).

Booker argues that she engaged in protected conduct in 2006 when she filed an EEO complaint against Pinson and her former administrative officer. See Dkt 27-5 at 15 (Booker deposition). Defendants concede this, as well as the fact of an adverse employment action. Dkt 27 at 7–8. But they dispute any causal

connection between the two, arguing that the complaint is too remote in time in relation to the termination. Id at 7.

Booker cites *Shirley v Chrysler First Inc* for support that a years-prior EEO complaint can support a retaliation claim. 970 F2d 39, 44 (5th Cir 1992) (finding no temporal "fourth requirement" to make *prima facie* case). But the Fifth Circuit in *Shirley* also instructed that "[c]onsideration of such dates is part of our analysis." Id at 44. Since that decision, the Supreme Court has stated that as small a gap in time as twenty months "suggests, by itself, no causality at all." *Clark County School District v Breeden*, 532 US 268, 274 (2001). As such, the Fifth Circuit now holds that protected conduct can only be used to "prove the causation element of [a plaintiff's] *prima facie* case when the protected act and the adverse employment action are 'very close' in time." *Washburn v Harvey*, 504 F3d 505, 511 (5th Cir 2007), quoting *Clark County*, 532 US at 273–74.

The burden is on Booker to establish that her protected activity was a *but for* cause of the alleged adverse action by her employer. *Zamora*, 798 F3d at 331, quoting *University of Texas Southwestern Medical Center v Nassar*, 570 US 338, 362 (2013). Under binding precedent, the seven-year interval between her EEO complaint and her termination is insufficient on its own to provide the requisite causal connection with protected activity.

Booker also asserts retaliation for protected conduct based on filing (and withdrawing) a different EEO complaint in July of 2012, within a year of her termination. Dkt 30 at 15. And she states that "in 2012 Pinson overtly stated his ill-feelings toward Booker as a result of her filing." Ibid. She again cites to no evidence, deposition testimony, or other documentation establishing either allegation as fact. This falls short on her burden to "identify specific evidence in the record" establishing her *prima facie* case. *Willis*, 749 F3d at 317.

She also again fails to provide evidence establishing *but for* causation regarding the asserted 2012 EEO complaint. She points only to a previous quality-step increase received under a different supervisor to suggest that Swagerty simply "made up" her performance deficiencies. Dkt 30 at 16. But those positive reviews occurred in September 2011, when Booker had different

job responsibilities. Dkt 31-6 at 2, 14–15 (Swagerty statement); Dkt 27-12 at 9–10 (Booker deposition). She provides no other evidence establishing that *but for* her 2012 complaint she would not have been terminated.

Booker fails to establish her claim of retaliation.

### d.    Legitimate nondiscriminatory reasons

Beyond arguing that Booker fails to meet her *prima facie* case on racial discrimination and retaliation, Defendants assert and provide evidence that she was terminated for unacceptable performance reviews and failure to improve under a PIP. Dkt 27 at 5, 8–9; see also Dkt 27-11 at 1 (letter advising proposal to terminate). They argue these as a legitimate nondiscriminatory rationale for termination, with the burden on Booker to rebut them. Dkt 31 at 3.

The Fifth Circuit instructs that, if the plaintiff makes the requisite *prima facie* showing, the burden shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action. *McCoy v City of Shreveport*, 492 F3d 551, 557 (5th Cir 2007) (citations omitted). The employer's burden is one of production, not persuasion, and involves no credibility assessment. Ibid. If the employer meets its burden of production, "the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose." Ibid (citations omitted). To meet that burden, the plaintiff must "rebut each nondiscriminatory or nonretaliatory reason articulated by the employer." Ibid (citations omitted).

Defendants sponsored evidence that meets their burden of production to show a nondiscriminatory rationale for termination. See *Watson*, 793 Fed App'x at 279 (as to discrimination claim); *Alkhawaldeh v Dow Chemical Co*, 851 F3d 422, 427–28 (5th Cir 2017) (as to retaliation claim). Booker in no way disputes that she failed her PIP and received an unacceptable performance review. See Dkt 27-8 (letter notice of failure to improve); Dkt 27-9 (performance appraisal report). She argues only that her performance was "not deficient and that it was made up by Swagerty." Dkt 30 at 16; see also id at 11–12. As evidence, she again points only to earlier, positive reviews when

she had different responsibilities under a different supervisor. This neither rebuts Defendants' stated reasons for termination, nor establishes that the asserted performance deficiencies were not areas of legitimate concern. See *McCoy*, 492 F3d at 562 (affirming summary judgment in absence of evidence that supervisors "ever engaged in any racially discriminatory conduct towards" plaintiff or other black employee, or that white officers were treated differently under similar circumstances).

As such, and even assuming Booker could establish her *prima facie* case, she fails to bear the "ultimate burden of proving that the employer's proffered reason is not true." Id at 557. Summary judgment on her racial discrimination and retaliation claims is warranted for this additional reason.

4.    Conclusion

The Court GRANTS the motion for summary judgment and DISMISSES the claims against Defendants.

A separate entry of final judgment will issue.

SO ORDERED.

Signed on April 6, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

10